1

2

**Phillips Disability PC**
DENNIS EVANS, California Bar # 276923
3101 North Central Avenue, Suite 1500
Phoenix, Arizona 85012

3

4

**PHILLIPS DAYES**
NATIONAL EMPLOYMENT LAW FIRM
   *A Professional Corporation*

5

6

3101 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
Telephone: 1-800-JOB-LAWS
docket@phillipsdayeslaw.com

7

Trey Dayes, Arizona Bar # 020805 (*pro hac vice*)
(602) 288-1610 ext. 301

8

Attorneys for Plaintiff

9

UNITED STATES DISTRICT COURT

10

CENTRAL DISTRICT OF CALIFORNIA

11

12

13

14

15

16

RATIB AHMADI; SAYED ANWAR;
AMAHN ASSIABAN; NILOUFAR BADIE;
ABDUL FARZAM; WAHID JELANI; MUSA
KARIMI; MUSTAFA KHAN; AHMED
MAGDI; BARIQLAY QURAISHI; ANIL
SALEH; MOHAMMAD SALEH; RESHAD
SALEH; ROXANA SUITAN; TARIQ
ZAKRIYA; MOHD OSMAN ZAMAN;;
individually

Case No.:

**COMPLAINT AND DAMAGES FOR:**
1) **Violations of the FLSA**
2) **Violations of California Labor Codes §§ 510, 1194, and 1198**
3) **Violation of California Labor Codes §§ 226.7 and 512**
4) **Violation of California Labor Codes §§ 226 and 1174)**
5) **Violation of California Labor Codes §§ 201-203**
6) **Violations of California Bus. And Prf. Code § 17200, et seq**
7) **Declaratory Relief**
8) **Declaratory Relief**

17

18

Plaintiffs,

19

vs.

20

21

22

CALNET, INC., a foreign corporation;
ACCLAIM TECHNICAL SERVICES, INC., a
California corporation; PARSONS
GOVERNMENT SERVICES, INC., a foreign
corporation

23

Defendant,

24

25

Plaintiffs allege as follows:

## **NATURE OF THE CASE**

1.     Plaintiffs bring this action against Defendants for unlawful failure to pay overtime wages in direct violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), and specifically the overtime provision of the Act found at § 207(a).

2.     For at least four (4) years prior to the filing of this action, Defendants had a consistent policy and practice of requiring its employees to work far in excess of forty (40) hours per week without paying them time and a half for all hours worked over forty (40) hours per week.

3.     Plaintiffs seek to recover unpaid overtime compensation and an equal amount of liquidated damages, including interest thereon, statutory penalties, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

4.     Plaintiffs seek relief pursuant to the Labor Code provisions of the State of California. Specifically, Defendants unlawfully failed to pay overtime compensation in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.,* and the California Labor Code and related regulations, Cal. Labor Code §§ 201, 202, 203, 226, 510, 1174, 1174.5, 1194, 1198, and the applicable Cal. Wage Order.

5.     Defendants failed to provide Plaintiffs with meal and rest periods in violation of California Labor Code §§ 226.7 and 512 and the applicable wage order. Defendants' violations of law constituted oppressive, fraudulent, and/or malicious conduct sufficient to support an award of punitive damages and were "willful" because they were aware that Plaintiffs 'were regularly working uncompensated overtime, had the means and opportunity to accurately track Plaintiffs' time worked but failed to do so.

6.     Plaintiffs are former non-exempt, hourly employees who worked on "Rotations" for Defendants' Fort Irwin project (the "Project") located at the Fort Irwin Military Base and

National Training Center in California. Plaintiffs allege Defendants have engaged in unlawful patterns and practices of failing to pay minimum wage and overtime pay as required by the FLSA and failing to meet the requirements of both the California Labor Code and California Business and Professions Code.

7.     Plaintiffs in this claim are employees who worked on "Rotations" for the Project located at the Fort Irwin Military Base and National Training Center in California for CALNET, INC., ACCLAIM TECHNICAL SERVICES, INC., and PARSONS GOVERNMENT SERVICES, INC. to challenge its policies and practices of: (1) failing to pay its non-exempt, hourly employees for all hours worked, including overtime compensation (2) failing to authorize, permit, and/or make available to its non-exempt, hourly employees who worked on "Rotations" for the Project located at the Fort Irwin Military Base and National Training Center in California meal and rest periods to which they are entitled by law, and failing to pay premium pay for these missed breaks; (3) failing to provide such employees with accurate, itemized wage statements; (4) failure to provide such employees with rest breaks in violation of California law; and (5) failure to provide such employees with meal breaks in violation of California law.

8.     Plaintiffs would work 16-19 day "Rotations" in which they were routinely denied timely and compliant meal and rest periods and the requisite pay for working through such breaks. In addition, Defendants would not credit Plaintiffs for all hours worked, including overtime work for which they were not adequately compensated at time and one half or double time.

9.     This daily time that Defendants required Plaintiffs to work without compensation deprives them of substantial amounts of pay to which they are entitled under Federal and California law.

10. Defendants routinely refused to authorize, permit, and/or make available to Plaintiffs timely and compliant thirty-minute meal periods as required by law from the hours of approximately 7 a.m. to 6 p.m. Plaintiffs would work a continuous shift with no meal periods and were denied premium pay for this violation.

11. Under California law, generally, non-exempt, hourly employees are to receive one thirty minute unpaid meal break at the conclusion of every five hours of labor performed. Defendants' policy violates California law in this respect.

12. Defendants and Plaintiffs had no agreement to exclude sleep time from their compensation. Employees would regularly complain about not being paid for this time, and were simply told if they did not like it they could go home. Employees were trapped on a base for the entirety of a rotation and had no means to leave. Employees would regularly be woken up at all times in the night during the "Rotations." They did not receive a period of five hours of uninterrupted sleep time and as such sleep time is compensable.

13. Defendants did not allow Plaintiffs to leave the Fort Irwin Military Base and National Training once they arrived at the base for a Rotation.

14. They were required to stay on the base every day, 24 hours per day, until the Rotation was over.

15. Plaintiffs were under the control of the Defendants from the moment they arrived for a Rotation and until the Rotation was over.

16. Plaintiffs worked at locations so far from the entrance to the base it would have been very difficult for them to leave the base.

17. Defendants further failed to provide Plaintiffs accurate and itemized wage statements.

18. As a result of these violations, Defendants are liable for additional penalties

1  under Federal and State law.

2          19.     Plaintiffs seek full compensation for all overtime wages, full compensation for

3  denied timely and compliant meal and rest periods, waiting time penalties, and premium pay.

4  Plaintiffs also seek declaratory and injunctive relief, including restitution. Finally, Plaintiffs

5  seek reasonable attorneys' fees and costs under the Fair Labors Standards Act, California

6  Labor Code and California Code of Civil Procedure § 1021.5.

7                          **JURISDICTION AND VENUE**

8          20.     This action arises under § 16(b) of the Fair Labor Standards Act ("FLSA"), 29

9  U.S.C. §216(b) and the California Labor Code. The jurisdiction of the Court over this matter is

10  founded upon § 395(a) of the California Code of Civil Procedure because Defendants entered

11  into employment agreements with Plaintiffs, as well as pursuant to the FLSA under 29 U.S.C.

12  § 216(b). "An action to recover the liability prescribed in either of the preceding sentences may

13  be maintained against any employer (including a public agency) in any Federal or State court

14  of competent jurisdiction." 29 U.S.C. 216(b).

15         21.     Further, this Court has supplemental jurisdiction over the California state law

16  claims under 28 U.S.C. § 1367(a) because they are so related to this action that they form part

17  of the same case or controversy.

18         22.     This Court has jurisdiction over the California state law claims under 28 U.S.C. §

19  1332(a) as the parties are citizens of different states and the matter in controversy exceeds the

20  sum or value of $75,000.

21         23.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) because

22  Defendants' obligations and liability arise in this district, Defendants transact business within

23  this Judicial District, and because Plaintiff performed the work at issue in this action for

24  Defendants in this Judicial District.

25

24.     This Court is empowered to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

25.     At all times material hereto, Plaintiffs were residents of the State of California and worked for Defendants exclusively in California.

26.     On information and belief, at all times material hereto, Defendant CALNET, INC. has been doing business in the State of California. CALNET, INC. is a Maryland corporation registered with the California Secretary of State to do business in California as a corporation under the same name.

27.     On information and belief, at all times material hereto, Defendant ACCLAIM TECHNICAL SERVICES, INC., is a corporation incorporated in California.

28.     On information and belief, at all times material hereto, Defendant PARSONS GOVERNMENT SERVICES, INC. has been doing business in the State of California. PARSONS GOVERNMENT SERVICES, INC. is a Nevada corporation registered with the California Secretary of State to do business in California as a corporation under the same name.

29.     On information and belief, Defendants ACCLAIM TECHNICAL SERVICES, INC., CALNET, INC., and PARSONS GOVERNMENT SERVICES, INC. entered into with one another to provide the services that Plaintiff and the putative Plaintiffs provided. As such they shall collectively be referred to as "Defendants" for purposes of this Complaint.

30.     Defendants ACCLAIM TECHNICAL SERVICES, INC., CALNET, INC., and PARSONS GOVERNMENT SERVICES, INC. each could hire or fire role players.

31.     Defendants ACCLAIM TECHNICAL SERVICES, INC., CALNET, INC., and PARSONS GOVERNMENT SERVICES, INC. had authority to set the wages of role players.

32.     Defendants ACCLAIM TECHNICAL SERVICES, INC., CALNET, INC., and PARSONS GOVERNMENT SERVICES, INC. each had authority to control the manner in which role players performed their work, including instructing role players when and where to report to work.

33.     Defendants ACCLAIM TECHNICAL SERVICES, INC., CALNET, INC., and PARSONS GOVERNMENT SERVICES, INC. each had control over role players' working conditions.

34.     Defendants ACCLAIM TECHNICAL SERVICES, INC., CALNET, INC., and PARSONS GOVERNMENT SERVICES, INC. each suffered and permitted Plaintiffs to work.

35.     Defendants ACCLAIM TECHNICAL SERVICES, INC., CALNET, INC., and PARSONS GOVERNMENT SERVICES, INC. engaged Plaintiffs to perform the work of a role player.

36.     Plaintiffs were always under the understanding that he worked for Defendants as a whole, not any single entity. All three Defendants would issue paychecks to Plaintiffs depending on the rotation. The three Defendants are joint employers of Plaintiffs under the FLSA and California law.

37.     Plaintiffs worked for Defendants at the Fort Irwin Military Base and National Training Center in California.

38.     Plaintiff RATIB AHMADI was a non-exempt hourly paid role player who worked for Defendants from December 2008 through January 2013.

39.     Plaintiff SAYED ANWAR was a non-exempt hourly paid role player who worked for Defendants from July 2011 through November 2012.

40.     Plaintiff AMAHN ASSIABAN was a non-exempt hourly paid role player who worked for Defendants from January 2009 through December 2012.

41.     Plaintiff NILOUFAR BADIE was a non-exempt hourly paid role player who worked for Defendants during the relevant time period of this lawsuit.

42.     Plaintiff ABDUL FARZAM was a non-exempt hourly paid role player who worked for Defendants from February 2010 through February 2012.

43.     Plaintiff WAHID JELANI was a non-exempt hourly paid role player who worked for Defendants from January 2010 through September 2014.

44.     Plaintiff MUSA KARIMI was a non-exempt hourly paid role player who worked for Defendants during the relevant time period of this lawsuit.

45.     Plaintiff MUSTAFA KHAN was a non-exempt hourly paid role player who worked for Defendants during the relevant time period of this lawsuit.

46.     Plaintiff AHMED MAGDI was a non-exempt hourly paid role player who worked for Defendants during the relevant time period of this lawsuit.

47.     Plaintiff BARIQLAY QURAISHI was a non-exempt hourly paid role player who worked for Defendants from February 2011 through June 2012.

48.     Plaintiff ANIL SALEH was a non-exempt hourly paid role player who worked for Defendants from August 2011 through January 2013.

49.     Plaintiff MOHAMMAD SALEH was a non-exempt hourly paid role player who worked for Defendants from August 2011 through January 2013.

50.     Plaintiff RESHAD SALEH was a non-exempt hourly paid role player who worked for Defendants from August 2011 through January 2013.

51.     Plaintiff ROXANA SUITAN was a non-exempt hourly paid role player who worked for Defendants during the relevant time period of this lawsuit.

52.     Plaintiff TARIQ ZAKRIYA was a non-exempt hourly paid role player who worked for Defendants from 2009 through January 2013.

53.     Plaintiff MOHD OSMAN ZAMAN was a non-exempt hourly paid role player who worked for Defendants during the relevant time period of this lawsuit.

54.     At all relevant times, Plaintiffs were each an "employee" of Defendants, as defined by 29 U.S.C. § 203(e)(1).

55.     The provisions set forth in 29 U.S.C § 206 and § 207 of the FLSA apply to Defendants.

56.     At all relevant times, Defendants were, and continue to be an "employer" as defined in 29 U.S.C. § 203(d).

57.     Upon information and belief, at all times alleged, Defendants were corporations or other business entities qualified to and doing business in the State of California.

58.     Upon information and belief, at all times alleged, Defendants are and were an "employer" within the meaning of the California Labor Code.

59.     Upon information and belief, at all times alleged, the annual gross revenue of Defendants exceeded $500,000.00.

## FACTUAL BACKGROUND

60.     The Fort Irwin Military Base and National Training Center in California ("Fort Irwin") is one of the largest training bases for the United States Armed Forces.

61.     Many soldiers who will be deploying to the Middle East or neighboring regions undergo training at Fort Irwin which includes simulation training in fabricated Middle Eastern villages other terrains, and simulated battle fields comprised of native role-players.

62.     These fabricated installations aid in the training of troops in urban Middle Eastern warfare prior to deployment.

63.     The villages are created to look like real villages from Iraq, Afghanistan, or other Middle Eastern countries and have attributes such as mosques, traffic circles, and many more.

64.     The role players fill the villages and the terrain and act out the roles of the natives inhabiting the villages.

65.     Fort Irwin is not a federal enclave. It is on land which California retained sovereignty over.

66.     Defendants provided Fort Irwin with the native role-players and interpreters who would aid the soldiers in these realistic pre-deployment training Rotations.

67.     Through a contract with the United States Military, Defendants have been paid millions of dollars for these services.

68.     Role players would occupy the village, taking on the roles of all the inhabitants of the village, or other required characters, during the training Rotations.

69.     Plaintiff and the Putative Plaintiffs would use their own transportation to arrive at a hotel, from which Defendants would bus Plaintiffs to Fort Irwin Military Base and National Training Center.

70.     The Rotations would vary in length from sixteen to nineteen days.

71.     During these Rotations, role players would be in character for the entire period, 24 hours per day.

72.     The role players would live in the village with no running water or electricity. Troops would interact with the role players at all times of the day and night in accordance with the specific rotation tasks.

73.     During the night, soldiers would continue in missions, and the role players were on duty and required to interact with soldiers.

74.     During the night, Plaintiffs were primarily directed in duties for the fulfillment of

Defendants' requirements for the jobs and were substantially restricted from personal activities. They were always required to be on duty, in character and costume.

75.     Plaintiffs were allowed to sleep during the night. But sleep was regularly interrupted by rotation scenarios.

76.     When sleep time was interrupted Plaintiffs were not able to get five hours of uninterrupted sleep.

77.     During the first ten days of a rotation, Defendants would only compensate 12 hours each day even though they were required to live on base and be in role for 24 hours per day. Plaintiffs were paid 1.5X their regular hourly rate for hours worked over 40 in a week irrespective of the fact that they were required to be present 24 hours each day on the base.

78.     During the last six days of a rotation, Defendants would only compensate 13 hours each day even though they required to live on base and be in role for 24 hours per day.. Plaintiffs were paid 1.5X their regular hourly rate for hours worked over 40 in a week irrespective of the fact that they were required to be present 24 hours each day on the base.

79.     Once on the base, role players were not allowed to leave the base under any circumstance until the rotation was over.

80.     Role players were required to live on the base, in the fabricated village during the entirety of the rotation.

81.     Role players were never out of character, permanently assuming the role they were assigned until the end of the rotation.

82.     Plaintiffs were under the control of Defendants from the minute they were on the base. Defendants did not allow Plaintiffs to leave the base during a Rotation. The sleeping facilities provided to employees were not adequate. They had no air conditioning or heating capabilities and as such employees suffered through the extreme temperatures of that region.

Further, there was no privacy, no electricity, and no running water.

83.    Plaintiffs were non-exempt employees.

84.    Plaintiffs had no supervision or management responsibilities.

85.    Plaintiffs could neither hire nor fire employees.

86.    Plaintiffs had no authority to exercise significant independent judgment on issues that affect the whole company when carrying out their job responsibilities.

87.    Defendants managed, supervised, and directed all aspects of employees' job duties and responsibilities.

88.    The employees' primary duty was not the performance of work directly related to the management or general business operations of Defendants' or their customers.

89.    During the entire relevant period, Plaintiffs routinely worked in excess of forty hours per week without receiving proper compensation for their overtime wages.

90.    During the entire relevant period, Defendants had a consistent policy of not allowing Plaintiffs to eat lunch or take breaks throughout their shifts.

91.    Plaintiff never consented to waiving their allotted lunch or break times.

92.    During Rotations, employees did not have an uninterrupted five-hour sleep period. They were on duty and frequently woken up to role play. If they were awoken for part of a rotation, they were not compensated for that time.

93.    Plaintiffs never entered into an agreement to exclude from hours worked a bona fide regularly scheduled uninterrupted sleeping period. Plaintiff were told but disagreed and complained about this policy. They were told if they did not like it, they could simply go home.

94.    Defendants' failure and/or refusal to properly compensate Plaintiffs at the rates and amounts required by the FLSA was willful and knowing.

95.    Defendants are aware of the requirements under the FLSA to properly

1  compensate employees.

2  96.  Defendants refused and/or failed to properly disclose or apprise Plaintiffs of their

3  rights under the FLSA.

4  97.  Plaintiff RATIB AHMADI was a non-exempt hourly paid role player who

5  worked for Defendants from December 2008 through January 2013.

6  98.  At no time did Plaintiff RATIB AHMADI enter into an agreement with

7  Defendants in regards to taking rest breaks, meal periods, or sleep periods.

8  99.  During each rotation, Plaintiff RATIB AHMADI worked more than eight hours

9  in a day and forty hours in a workweek, did not receive rest periods, meal periods, or

10  uninterrupted sleep periods and did not receive an accurate itemized wage statement.

11  100.  During each rotation, Plaintiff RATIB AHMADI would work more than six days

12  in a seven day period.

13  101.  Plaintiff SAYED ANWAR was a non-exempt hourly paid role player who

14  worked for Defendants from July 2011 through November 2012.

15  102.  At no time did Plaintiff SAYED ANWAR enter into an agreement with

16  Defendants in regards to taking rest breaks, meal periods, or sleep periods.

17  103.  During each rotation, Plaintiff SAYED ANWAR worked more than eight hours

18  in a day and forty hours in a workweek, did not receive rest periods, meal periods, or

19  uninterrupted sleep periods and did not receive an accurate itemized wage statement.

20  104.  During each rotation, Plaintiff SAYED ANWAR would work more than six days

21  in a seven day period.

22  105.  Plaintiff AMAHN ASSIABAN was a non-exempt hourly paid role player who

23  worked for Defendants from January 2009 through December 2012.

24  106.  At no time did Plaintiff AMAHN ASSIABAN enter into an agreement with

25

1  Defendants in regards to taking rest breaks, meal periods, or sleep periods.

2     107.   During each rotation, Plaintiff AMAHN ASSIABAN worked more than eight

3  hours in a day and forty hours in a workweek, did not receive rest periods, meal periods, or

4  uninterrupted sleep periods and did not receive an accurate itemized wage statement.

5     108.   During each rotation, Plaintiff AMAHN ASSIABAN would work more than six

6  days in a seven day period.

7     109.   Plaintiff NILOUFAR BADIE was a non-exempt hourly paid role player who

8  worked for Defendants during the relevant time period of this lawsuit.

9     110.   At no time did Plaintiff NILOUFAR BADIE enter into an agreement with

10  Defendants in regards to taking rest breaks, meal periods, or sleep periods.

11     111.   During each rotation, Plaintiff NILOUFAR BADIE worked more than eight

12  hours in a day and forty hours in a workweek, did not receive rest periods, meal periods, or

13  uninterrupted sleep periods and did not receive an accurate itemized wage statement.

14     112.   During each rotation, Plaintiff NILOUFAR BADIE would work more than six

15  days in a seven day period.

16     113.   Plaintiff ABDUL FARZAM was a non-exempt hourly paid role player who

17  worked for Defendants from February 2010 through February 2012.

18     114.   At no time did Plaintiff ABDUL FARZAM enter into an agreement with

19  Defendants in regards to taking rest breaks, meal periods, or sleep periods.

20     115.   During each rotation, Plaintiff ABDUL FARZAM worked more than eight hours

21  in a day and forty hours in a workweek, did not receive rest periods, meal periods, or

22  uninterrupted sleep periods and did not receive an accurate itemized wage statement.

23     116.   During each rotation, Plaintiff ABDUL FARZAM would work more than six

24  days in a seven day period.

25

117.   Plaintiff WAHID JELANI was a non-exempt hourly paid role player who worked for Defendants from January 2010 through September 2014.

118.   At no time did Plaintiff WAHID JELANI enter into an agreement with Defendants in regards to taking rest breaks, meal periods, or sleep periods.

119.   During each rotation, Plaintiff WAHID JELANI worked more than eight hours in a day and forty hours in a workweek, did not receive rest periods, meal periods, or uninterrupted sleep periods and did not receive an accurate itemized wage statement.

120.   During each rotation, Plaintiff WAHID JELANI would work more than six days in a seven day period.

121.   Plaintiff MUSA KARIMI was a non-exempt hourly paid role player who worked for Defendants during the relevant time period of this lawsuit.

122.   At no time did Plaintiff MUSA KARIMI enter into an agreement with Defendants in regards to taking rest breaks, meal periods, or sleep periods.

123.   During each rotation, Plaintiff MUSA KARIMI worked more than eight hours in a day and forty hours in a workweek, did not receive rest periods, meal periods, or uninterrupted sleep periods and did not receive an accurate itemized wage statement.

124.   During each rotation, Plaintiff MUSA KARIMI would work more than six days in a seven day period.

125.   Plaintiff MUSTAFA KHAN was a non-exempt hourly paid role player who worked for Defendants during the relevant time period of this lawsuit.

126.   At no time did Plaintiff MUSTAFA KHAN enter into an agreement with Defendants in regards to taking rest breaks, meal periods, or sleep periods.

127.   During each rotation, Plaintiff MUSTAFA KHAN worked more than eight hours in a day and forty hours in a workweek, did not receive rest periods, meal periods, or

1   uninterrupted sleep periods and did not receive an accurate itemized wage statement.

2        128.   During each rotation, Plaintiff MUSTAFA KHAN would work more than six

3   days in a seven day period.

4        129.   Plaintiff AHMED MAGDI was a non-exempt hourly paid role player who

5   worked for Defendants during the relevant time period of this lawsuit.

6        130.   At no time did Plaintiff AHMED MAGDI enter into an agreement with

7   Defendants in regards to taking rest breaks, meal periods, or sleep periods.

8        131.   During each rotation, Plaintiff AHMED MAGDI worked more than eight hours

9   in a day and forty hours in a workweek, did not receive rest periods, meal periods, or

10  uninterrupted sleep periods and did not receive an accurate itemized wage statement.

11       132.   During each rotation, Plaintiff AHMED MAGDI would work more than six days

12  in a seven day period.

13       133.   Plaintiff BARIQLAY QURAISHI was a non-exempt hourly paid role player who

14  worked for Defendants from February 2011 through June 2012.

15       134.   At no time did Plaintiff BARIQLAY QURAISHI enter into an agreement with

16  Defendants in regards to taking rest breaks, meal periods, or sleep periods.

17       135.   During each rotation, Plaintiff BARIQLAY QURAISHI worked more than eight

18  hours in a day and forty hours in a workweek, did not receive rest periods, meal periods, or

19  uninterrupted sleep periods and did not receive an accurate itemized wage statement.

20       136.   During each rotation, Plaintiff BARIQLAY QURAISHI would work more than

21  six days in a seven day period.

22       137.   Plaintiff ANIL SALEH was a non-exempt hourly paid role player who worked

23  for Defendants from August 2011 through January 2013.

24       138.   At no time did Plaintiff ANIL SALEH enter into an agreement with Defendants

25

1  in regards to taking rest breaks, meal periods, or sleep periods.

2       139.   During each rotation, Plaintiff ANIL SALEH worked more than eight hours in a

3  day and forty hours in a workweek, did not receive rest periods, meal periods, or uninterrupted

4  sleep periods and did not receive an accurate itemized wage statement.

5       140.   During each rotation, Plaintiff ANIL SALEH would work more than six days in

6  a seven day period.

7       141.   Plaintiff MOHAMMAD SALEH was a non-exempt hourly paid role player who

8  worked for Defendants from August 2011 through January 2013.

9       142.   At no time did Plaintiff MOHAMMAD SALEH enter into an agreement with

10  Defendants in regards to taking rest breaks, meal periods, or sleep periods.

11       143.   During each rotation, Plaintiff MOHAMMAD SALEH worked more than eight

12  hours in a day and forty hours in a workweek, did not receive rest periods, meal periods, or

13  uninterrupted sleep periods and did not receive an accurate itemized wage statement.

14       144.   During each rotation, Plaintiff MOHAMMAD SALEH would work more than

15  six days in a seven day period.

16       145.   Plaintiff RESHAD SALEH was a non-exempt hourly paid role player who

17  worked for Defendants from August 2011 through January 2013.

18       146.   At no time did Plaintiff RESHAD SALEH enter into an agreement with

19  Defendants in regards to taking rest breaks, meal periods, or sleep periods.

20       147.   During each rotation, Plaintiff RESHAD SALEH worked more than eight hours

21  in a day and forty hours in a workweek, did not receive rest periods, meal periods, or

22  uninterrupted sleep periods and did not receive an accurate itemized wage statement.

23       148.   During each rotation, Plaintiff RESHAD SALEH would work more than six days

24  in a seven day period.

25

149.   Plaintiff ROXANA SUITAN was a non-exempt hourly paid role player who worked for Defendants during the relevant time period of this lawsuit.

150.   At no time did Plaintiff ROXANA SUITAN enter into an agreement with Defendants in regards to taking rest breaks, meal periods, or sleep periods.

151.   During each rotation, Plaintiff ROXANA SUITAN worked more than eight hours in a day and forty hours in a workweek, did not receive rest periods, meal periods, or uninterrupted sleep periods and did not receive an accurate itemized wage statement.

152.   During each rotation, Plaintiff ROXANA SUITAN would work more than six days in a seven day period.

153.   Plaintiff TARIQ ZAKRIYA was a non-exempt hourly paid role player who worked for Defendants from 2009 through January 2013.

154.   At no time did Plaintiff TARIQ ZAKRIYA enter into an agreement with Defendants in regards to taking rest breaks, meal periods, or sleep periods.

155.   During each rotation, Plaintiff TARIQ ZAKRIYA worked more than eight hours in a day and forty hours in a workweek, did not receive rest periods, meal periods, or uninterrupted sleep periods and did not receive an accurate itemized wage statement.

156.   During each rotation, Plaintiff TARIQ ZAKRIYA would work more than six days in a seven day period.

157.   Plaintiff MOHD OSMAN ZAMAN was a non-exempt hourly paid role player who worked for Defendants during the relevant time period of this lawsuit.

158.   At no time did Plaintiff MOHD OSMAN ZAMAN enter into an agreement with Defendants in regards to taking rest breaks, meal periods, or sleep periods.

159.   During each rotation, Plaintiff MOHD OSMAN ZAMAN worked more than eight hours in a day and forty hours in a workweek, did not receive rest periods, meal periods,

1 | or uninterrupted sleep periods and did not receive an accurate itemized wage statement.

2 |     160.   During each rotation, Plaintiff MOHD OSMAN ZAMAN would work more than

3 | six days in a seven day period.

4 |     161.   Defendants are aware of, and are able to comply with, all aspects of the FLSA

5 | and California Labor Code.

6 |     162.   Plaintiffs have retained the law firm of Phillips Dayes National Employment

7 | Law Firm PC, to represent them in this litigation and have agreed to pay a reasonable fee for

8 | the services rendered in the prosecution of this action on their behalf.

## COUNT ONE
### (Failure to Pay Proper Overtime Wages – FLSA – 29 U.S.C. § 207)

10 |     163.   Plaintiffs incorporate and adopt paragraphs 1 through 429 above as if fully set

11 | forth herein.

12 |     164.   While employed with Defendants, Plaintiffs consistently and regularly worked

13 | multiple hours of overtime a week.

15 |     165.   Defendants have intentionally failed and/or refused to pay Plaintiffs' overtime

16 | according to the provisions of the FLSA.

17 |     166.   Defendants further have engaged in a widespread pattern and practice of

18 | violating the provisions of the FLSA by failing to pay Plaintiffs  in accordance with § 207 of

19 | the FLSA.

21 |     167.   There are numerous similarly situated employees and former employees of

22 | Defendants who have been improperly compensated in violation of the FLSA and who would

23 | benefit from the issuance of Court-Supervised Notice of the present lawsuit and the

24 | opportunity to join the present lawsuit.

25 |     168.   The similarly situated employees are estimated to be over 1,000 present and

former employees who have the same job description as Plaintiff and perform the same or similar job functions.

169.    Those similarly situated employees are known to Defendants and are readily identifiable and locatable through Defendants' records. Specifically, all current employees and former employees of Defendants who have been employed with Defendants as interpreters and who worked at the National Training Center at Fort Irwin, California, would benefit from Court-Supervised Notice and the opportunity to join the present lawsuit and should be so notified.

170.    As a result of Defendants' violations of the FLSA, Plaintiffs have suffered damages by failing to receive compensation in accordance with § 207 of the FLSA.

171.    Under 29 U.S.C.§216 Defendants are liable to Plaintiffs  for an amount equal to one and one-half  times their regular pay rate for each hour of overtime worked per week.

172.    In addition to the amount of unpaid wages owed to Plaintiffs, they are also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

173.    Defendants' actions in failing to compensate Plaintiffs, in violation of the FLSA, were willful.

174.    Defendants have not made a good faith effort to comply with the FLSA.

175.    Plaintiff is also entitled to an award of attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully request that judgment be entered in their favor against Defendants:

a.  Awarding Plaintiffs  overtime compensation in the amount due to them for all

of Plaintiffs 's time worked in excess of forty (40) hours per work week at an amount equal to one and one-half  times Plaintiffs 's regular rate while at work with Defendants;

b.  Awarding Plaintiffs liquidated damages in an amount equal to the overtime award pursuant to 29 U.S.C. § 216(b)

c.  Awarding Plaintiffs reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

d.  For Plaintiff' and all similarly situated employees' costs incurred in this action;

e.  Awarding Plaintiffs  pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

f.  Awarding Plaintiffs  post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full;

g.  Granting Plaintiff an Order, on an expedited basis, allowing them to send Notice of this action, pursuant to 29 U.S.C. § 216(b), to those similarly situated to Plaintiff; and

h.  For such other and further relief as the Court deems just and proper.

## COUNT TWO
## UNLAWFUL FAILURE TO PAY OVERTIME WAGES
### (Violation California Wage Order California Labor Code §§ 510, 1194, and 1198)

176.   Plaintiffs incorporate and adopt paragraphs 1 through 442 above as if fully set forth herein.

177.   Plaintiff and the Putative Plaintiffs, during every rotation in which they worked for defendants, worked in excess of eight hours in a workday and forty hours in a workweek.

178.   During every rotation in which they worked for defendants Plaintiffs worked more than twelve hours in a work day.

179.   During every rotation in which they worked for defendants, Plaintiffs worked more than six days in a seven day period.

180.   Defendants refused to compensate Plaintiffs for all of the overtime wages earned, in violation of the provisions of the applicable IWC Wage Order and California Labor Code.

181.   At all relevant times, Defendants were aware of, and were under a duty to comply with, the overtime provisions of the applicable IWC Wage Order and California Labor Code, including, but not limited to, the following:

    a.   Labor Code § 510: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in anyone workweek and the first eight hours worked on the seventh day of work in anyone workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee ..."

    b.   Labor Code § 510: "Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

    c.   Labor Code § 1194: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a

civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

d. Labor Code § 1198: "[t]he maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

182.   By refusing to compensate Plaintiffs for overtime wages earned, Defendants violated those California Labor Code provisions cited herein, as well as any applicable California Industrial Welfare Commission Wage Order.

183.   As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendants, in an amount to be established at trial, and is entitled to recover attorneys' fees and costs of suit.

184.   Pursuant to Labor Code § 1194, Plaintiffs are entitled to recover their unpaid overtime, attorney's fees, and costs.

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor against Defendants as follows:

a. That the Court declare, adjudge, and decree that Defendants violated the wage (including overtime) provisions of the California Labor Code as to Plaintiffs;

b. That the Court declare, adjudge, and decree that Plaintiffs were, at all times relevant herein, entitled to overtime pay at 1.5x for work beyond eight hours in a day and forty hours in a week;

c.  That the Court declare, adjudge, and decree that Plaintiffs, at all times relevant herein, entitled to overtime pay at double time for work beyond twelve hours in a day and for work on the seventh day of seven day period if Plaintiff worked the entire seven days;

d.  That the Court award to Plaintiffs damages and restitution for the amount of unpaid overtime compensation, including interest thereon, and penalties in an amount to be proven at trial;

e.  For Plaintiff' costs incurred in this action;

f.  That the Court order Defendants to pay restitution to Plaintiffs as a result of Defendants' unlawful activities, pursuant to California Business and Professions Code §§ 17200-17208;

g.  Awarding Plaintiffs post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full;

h.  For reasonable attorneys' fees, pursuant to California Labor Code § 1194 and/or California Code of Civil Procedure § 1021.5;

i.  That the Court further enjoin Defendants, ordering them to cease and desist unlawful activities in violation of California Business and Professions Code § 17200, *et seq.*;

j.  For such other and further relief as the Court deems just and proper.

## COUNT THREE
## FAILURE TO PROVIDE MEAL AND REST PERIODS
### (California Labor Code §§ 226.7 and 512)

185.  Plaintiffs incorporate and adopt paragraphs 1 through 451 above as if fully set forth herein.

186.   At all relevant times, Defendants were aware of and were under a duty to comply with California Labor Code §§ 226.7 and 512.

187.   California Labor Code § 226.7 provides:

    a.  No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

    b.  If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

188.   Moreover, California Labor Code § 512 provides:

189.   An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived. The applicable IWC Wage Order mandate that employers provide all applicable meal and/or rest periods to non-exempt (including exempt misclassified) employees.

190.   The applicable IWC Wage Order provides:

(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes... (B) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes... (C) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

191.   Moreover, the applicable IWC Wage Order provides:

(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate often (10) minutes net rest time per four (4) hours or major fraction thereof... (B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

192.   By failing to consistently provide uninterrupted thirty-minute meal periods within the first five hours of work each day and/or uninterrupted ten-minute net rest periods to Plaintiffs, Defendants violated the California Labor Code and the IWC Wage Order provisions.

193.   By failing to consistently provide a second uninterrupted thirty-minute meal periods for ten hour work days and/or a second uninterrupted ten-minute net rest period to Plaintiffs, Defendants violated the California Labor Code and the IWC Wage Order provisions.

194.   Plaintiffs are informed and believe and, on that basis, allege that Defendants have never paid the one hour of compensation to Plaintiffs, due to its violations of the California Labor Code and the IWC Wage Order provisions.

195.   As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs have sustained damages, including lost compensation resulting from missed meal and/or rest periods, in an amount to be established at trial. As a further direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs are entitled to recover "waiting time" and other penalties, in amounts to be established at trial, as well as costs and attorneys' fees, pursuant to statute.

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in their favor against Defendants, as follows:

     a.  That the Court declare, adjudge, and decree that Defendants violated the meal time and break provisions of the California Labor Code and the applicable California Industrial Welfare Commission Wage Order as to the Plaintiffs;

     b.  That the Court declare, adjudge, and decree that Plaintiffs were, at all times relevant herein, entitled to meal times and breaks;

     c.  That the Court make an award to Plaintiffs damages and restitution for the lack of breaks in an amount of one additional hour of pay at their regular rate of compensation for each work day that the meal or rest period is not provided including interest thereon, and penalties in an amount to be proven at trial;

     d.  For Plaintiffs costs incurred in this action;

e.  That the Court order Defendants to pay restitution to Plaintiffs as a result of Defendants' unlawful activities, pursuant to California Business and Professions Code §§ 17200-17208;

f.  Awarding Plaintiffs post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full;

g.  For reasonable attorneys' fees, pursuant to California Labor Code § 1194 and/or California Code of Civil Procedure § 1021.5;

h.  That the Court further enjoin Defendants, ordering it to cease and desist unlawful activities in violation of California Business and Professions Code § 17200, *et seq.*; and

i.  For such other and further relief as the Court deems just and proper.

## COUNT FOUR
## FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS
### (California Labor Code §§ 226 and 1174)

196.  Plaintiff incorporates and adopts paragraphs 1 through 462 above as if fully set forth herein.

197.  At all relevant times, Defendants were aware of and were under a duty to comply with California Labor Code §§ 226 and 1174.

198.  California Labor Code §226(a) provides: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee …"

199.  California Labor Code § 226(e) provides that an employee suffering injury as a result of a failure by an employer to comply with Labor Code § 226(a) is entitled to recover the greater of their actual damages or a penalty of $50 for the initial pay period which a violation

occurs and $100 per employee for each violation in subsequent pay periods (up to a maximum of $4,000), in addition to attorneys' fees and costs.

200.   Defendants violated California Labor Code §226(a) by failing to provide accurate wage statements to Plaintiffs.

201.   The wage statements provided did not list the actual total hours worked by Plaintiffs. As a result, Plaintiffs were damaged in that they could not determine whether or not they had been accurately paid.

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in their favor against Defendants:

a.   That the Court declare, adjudge, and decree that Defendants violated Labor Code § 226(a) by failing to provide accurate itemized wage statements.

b.   That the Court declare, adjudge, and decree that Plaintiffs were, at all times relevant herein, entitled to accurate itemized wage statements

c.   That the Court make an award to Plaintiffs damages and restitution for the lack of accurate itemized wage statements, including interest thereon, and penalties in an amount to be proven at trial;

d.   For Plaintiffs costs incurred in this action;

e.   Awarding Plaintiffs post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full;

f.   That the Court further enjoin Defendants, ordering it to cease and desist unlawful activities in violation of California Business and Professions Code § 17200, *et seq*.; and

g.   For such other and further relief as the Court deems just and proper.

### COUNT FIVE
### WAITING TIME PENALTIES
### (California Labor Code §§ 201-203)

202.  Plaintiffs incorporate and adopt paragraphs 1 through 468 above as if fully set forth herein.

203.  California Labor Code §201 provides: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

204.  California Labor Code §202 provides: "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

205.  California Labor Code §203 provides: "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

206.  Some of the Plaintiffs have left their employment with Defendants during the applicable statutory period, at which time Defendants owed them unpaid wages. Those earned but unpaid wages were earned from time spent working through meal and rest breaks, time spent working through sleep periods, and from time spent working that Defendants did not credit as time worked.

207.  Defendants willfully refused, and continue to refuse, to provide Plaintiffs with meal and rest period premium pay, sleep period pay, and with payment for the off-the-clock

1   work performed by Plaintiffs. Defendants were aware of the time Plaintiffs worked but

2   nevertheless refused to compensate Plaintiff for this work performed.

3       208.   Defendants willfully refused and continue to refuse to compensate Plaintiffs that

4   have left their employment with Defendants all the wages that were due and owing to them at

5   the end of their employment.

6       209.   As a result of Defendants' actions, Plaintiffs have suffered and continue to suffer

7   substantial damages.

8       210.   Defendants' willful failure to pay the Plaintiffs who are former employees the

9   wages due and owing them constitutes a violation of Labor Code §§ 201-202. As a result,

10  Defendants are liable to them for all penalties owing pursuant to Labor Code §§ 201-203.

11      WHEREFORE, Plaintiffs respectfully requests that judgment be entered in their favor

12  against Defendants, as follows:

13      a.  That the Court declare, adjudge, and decree that Defendants violated Labor Code

14          §§201-203(a) by failing to pay Plaintiffs their earned and unpaid wages within 72

15          hours of the end of their employment.

16      b.  Continuing Statutory penalties pursuant to Labor Code §203 in the amount of the

17          wages from the date they were due through a thirty day period;

18      c.  That the Court make an award to Plaintiffs damages and restitution for these

19          "waiting penalties" including interest thereon, and penalties in an amount to be

20          proven at trial;

21      d.  For Plaintiffs costs incurred in this action;

22      e.  Awarding Plaintiffs post-judgment interest, at the highest legal rate, on all

23          awards from the date of such award until paid in full;

24

25

f.   That the Court further enjoin Defendants, ordering it to cease and desist unlawful activities in violation of California Business and Professions Code § 17200, *et seq*.; and,

g.   For such other and further relief as the Court deems just and proper.

## COUNT SIX
## UNFAIR COMPETITION LAW
### (Bus. And Prof. Code § 17200, *et seq*.)

211.   Plaintiffs incorporate and adopt paragraphs 1 through 477 above as if fully set forth herein.

212.   The conduct alleged in this complaint by Defendants constituted unfair and unlawful business practices in violation of the California Unfair Competition Law, Bus. & Prof. Code §17200, et seq., in that the violations of the FLSA, California Labor Code, and Wage Orders alleged also constitute unlawful and unfair business practices under the Unfair Competition Law.

213.   Bus. & Prof. Code §17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of conduct that violates the Unfair Competition Law. As a result of the conduct alleged in this complaint, Plaintiffs were injured and suffered the loss of money in the amount of unpaid overtime pay, meal periods, rest periods, and sleep periods. Plaintiffs are entitled to all wages unlawfully withheld from them as a result of the unfair and unlawful conduct of Defendants.

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in their favor against Defendants, as follows:

a.   That Defendants account for, and restore to Plaintiffs all compensation unfairly and unlawfully withheld from them;

b.   For Plaintiffs costs incurred in this action;

c.   Awarding Plaintiffs post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full;

d.   That the Court further enjoin Defendants, ordering it to cease and desist unlawful activities in violation of California Business and Professions Code § 17200, *et seq*.; and,

e.   For such other and further relief as the Court deems just and proper.

## COUNT SEVEN
## DECLARATORY RELIEF

214.   Plaintiffs incorporate and adopt paragraphs 1 through 480 above as if fully set forth herein.

215.   Plaintiffs and Defendants have a FLSA dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331, as a federal question exists.

216.   The Court also has jurisdiction to hear Plaintiff's and all similarly situated employees' request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

217.   Plaintiffs may obtain declaratory relief.

218.   Defendants employed Plaintiffs.

219.   Defendants' business is an enterprise covered by the FLSA.

220.   Plaintiffs were individually covered by the FLSA.

221.   Plaintiffs are entitled to overtime wages pursuant to 29 U.S.C. § 207.

222.   Plaintiffs are entitled to an equal amount of liquidated damages as Defendants' policy of failing to pay proper overtime compensation remain in effect.

223.   The damages suffered by Plaintiffs are ongoing.

224.   Plaintiffs will suffer future damages for which there is no adequate remedy at law.

225.   Defendants did not rely on a good faith defense in their failure to abide by the provisions of the FLSA and failure to pay overtime compensation.

226.   It is in the public interest to have these declarations of rights recorded as Plaintiffs' declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

227.   The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiffs respectfully request that judgment be entered in his favor against the Defendants:

    a.   Declaring, pursuant to 29 U.S.C. §§ 2201 and 2202, that the acts and practices complained of herein are in violation of the overtime provisions of the FLSA; and,

    b.   For such other and further relief as the Court deems just and proper.

## COUNT EIGHT
## DECLARATORY RELIEF

228.   Plaintiff incorporates and adopts paragraphs 1 through 494 above as if fully set forth herein.

229.   The Court also has jurisdiction to hear Plaintiffs' request for declaratory relief pursuant to the California Declaratory Relief Act, California CCP. §§ 1060-1062.5.

230.   Plaintiffs may obtain declaratory relief.

231.   Defendants employed Plaintiffs.

232.   Defendants violated Labor Codes §§ 512 and 226.7 by failing to provide an uninterrupted 30 minute meal break for a work period of five hours or more.

233.   Defendants further violated Labor Codes §§ 512 and 226.7 by failing to provide

1   a second uninterrupted 30 minute meal break for a work period of ten hours per day.

2       234.   Defendants did not provide Plaintiffs with a ten minute rest period for every four

3   hours worked.

4       235.   As certain Rotations were seven day Rotations, Defendants violated Labor Codes

5   §§ 551 and 552 by forcing Plaintiffs to work seven straight days without a day off.

6       236.   Defendants violated Labor Code §§ 510 and 1198 by failing to pay overtime at

7   the rate of time and a half for all hours worked in excess of 8 and up to and including 12 hours

8   in any workday, and for the first 8 hours of work on the seventh consecutive day of work in a

9   workweek, and double the employee's regular rate of pay for all hours worked in excess of 12

10  in any workday and for all hours worked in excess of 8 on the seventh consecutive day of work

11  in a workweek.

12      237.   Defendants violated Labor Codes §§ 226 and 1174 by failing to provide

13  Plaintiffs an accurate itemized statement showing the total hours worked by Plaintiffs.

14      238.   It is in the public interest to have these declarations of rights recorded as

15  Plaintiffs' declaratory judgment action serves the useful purposes of clarifying and settling the

16  legal relations at issue, preventing future harm, and promoting the remedial purposes of the

17  California Labor Code.

18      239.   The declaratory judgment action further terminates and affords relief from

19  uncertainty, insecurity, and controversy giving rise to the proceeding.

20      WHEREFORE, Plaintiffs respectfully request that judgment be entered in his favor

21  against the Defendants, as follows:

22          a.   Declaring, pursuant to California CCP. § 1060, that the acts and practices

23              complained of herein are in violation of the California Labor Code; and,

24          b.   For such other and further relief as the Court deems just and proper.

25

1
2

## **DEMAND FOR JURY TRIAL**

3

Plaintiffs hereby request that, upon trial of this action, all issues be submitted to and

4

determined by a jury except those issues expressly reserved by law for determination by the

5

Court.

Dated: December 28, 2015                    Respectfully submitted,

6
7

**PHILLIPS DISABILITY PC**

8

**PHILLIPS DAYES NATIONAL
EMPLOYMENT LAW FIRM PC**

9
10

By  /s/ Dennis Evans

11

Dennis Evans
Trey Dayes

12

Attorneys for Plaintiffs

13
14
15
16
17
18
19
20
21
22
23
24
25